### STATE *vs.* MARY DALY.

In Rhode Island the addition in an indictment to the name of the accused of his degree or mystery is unnecessary and may be omitted, but the addition of a false degree or mystery is fatal error upon a plea in abatement.

Sketch of the Rhode Island legislation relative to the addition of degrees and mysteries.

EXCEPTIONS to the Court of Common Pleas.

*May* 27, 1884. DURFEE, C. J. Mary Davis, or Mary Daly, widow, was indicted as Mary Daly, "Spinster." She pleaded in abatement for the erroneous addition. The plea was overruled in the court below. The Attorney General contends that it was rightly overruled because it is unnecessary under our statute to describe a person who is indicted by the addition of his degree or mystery. He cites R. I. Colonial Records, vol. 5, pp. 288, 289; Digests of 1797, p. 161, § 3; of 1822, p. 123, § 3, and of 1844, p. 12, § 2; and Rev. Stat. R. I. cap. 222, § 2; from which it appears that in 1749 the statute of 1 Henry V. cap. 5 was introduced; that in 1797 it was enacted by express provision that in every indictment there should be added to the name of the person indicted "the place to which he shall . . . belong, or the place in which he is or of late was commorant, and also his degree or mystery;" that this provision was reënacted in full in 1822 and 1844, but that in 1857 it was reënacted in the Revised Statutes without the words, "and also his degree or mystery," and that it has been reënacted without them in the two later revisions. We think that, in view of this course of legislation, any addition of the degree or mystery is unnecessary and can be safely omitted: but it does not follow that the addition of a false degree or mystery can be treated as mere surplusage. The degree or mystery de-

scribes the accused, and if it be false, it falsely describes him. This is what happened here. The defendant was not, when she was indicted, Mary Daly, "Spinster." We think she was entitled, if described at all by the addition of her degree or mystery, to be correctly described. And see *State* v. *Hughes*, 1 Swan Tenn. 261; *Price* v. *The State*, 19 Ohio, 423; *Rex* v. *Deeley*, 4 Car. & P. 579. The plea must be sustained and the indictment quashed.                              *Order accordingly.*

*Samuel P. Colt*, Attorney General, for plaintiff.

*George J. West & Charles F. Baldwin*, for defendant.